**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| 1600 WALNUT CORPORATION,<br>GENERAL PARTNER OF L-A 1600<br>WALNUT LP, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO.  20-4223 |
| COLE HAAN COMPANY STORE, n/k/a<br>COLE HAAN COMPANY STORE, LLC, | : | |
| Defendant. | : | |

<u>**MEMORANDUM**</u>

**Joyner, J.**                                     March 29 , **2021**

     Presently before the Court is Plaintiff's Motion to Dismiss Defendant's Amended Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6).  For the following reasons, we grant the Motion.

<u>**Factual Background**</u>

     Defendant Cole Haan Company Store, LLC ("Cole Haan"), a global footwear and accessories brand, entered into a long-term commercial lease with Plaintiff 1600 Walnut Corporation, General Partner of L-A 1600 Walnut LP ("1600 Walnut") in 2004.  In 2014, the parties agreed to extend the lease through March 31, 2025. The lease allocates certain risks between the parties.  Under the force majeure clause of the lease:

>      If either party is delayed, hindered or prevented from the performance of an obligation because of strikes, lockouts, labor troubles, the inability to procure materials, power failure, ***restrictive governmental***

1

> **laws or regulations**, riots, insurrection, war **or
> another reason not the fault of or beyond the
> reasonable control of the party delayed** (collectively,
> "Force Majeure"), then performance of the act shall be
> excused for the period of the delay; provided,
> however, **the foregoing shall not: (A) relieve Tenant
> from the obligation to pay Rent**, except to the extent
> Force Majeure delays the Commencement Date; and (B) be
> applicable to delays resulting from the inability of a
> party to obtain financing or to proceed with its
> obligations under this Lease **because of a lack of
> funds**.

(Compl., Doc. No. 1, Ex. A at § 21 (emphasis added).)  The lease
also states that it will automatically terminate if "the entire
Premises is appropriated or taken under the power of eminent
domain by any public or quasi-public authority or conveyed in
lieu thereof."  (Id. at § 8(B)(1).)

Cole Haan permanently vacated the storefront in March 2020
and has not paid rent since that time.  The March 23, 2020
Pennsylvania Governor's COVID-19 executive order prohibited Cole
Haan from operating the store, but after June 5, 2020 Cole Haan
and other retailers in Philadelphia were permitted to reopen
with restrictions.  (Def.'s Am. Answer, Doc. No. 16 at ¶ 41.)
Cole Haan did not reopen and not restart rental payments.  (Id.
at ¶ 8.)  1600 Walnut brought this suit against Cole Haan to
recover arrearages owed, base rent, additional rent, late fees,
interest, attorneys' fees and costs.  (Compl., Doc. No. 1 at 13–
14.)  Cole Haan offers six counterclaims: (I) for a declaratory
judgment discharging its duties under the lease for frustration

of purpose; (II) in the alternative, for a declaratory judgment
for rent abatement for frustration of purpose; (III) for a
declaratory judgment discharging Cole Haan's duties under the
lease for impossibility or impracticability of performance; (IV)
in the alternative, for a declaratory judgment for rent
abatement for impossibility or impracticability of performance;
(V) for a declaratory judgment discharging Cole Haan's
obligations under the lease for failure of consideration; and
(VI) for a declaratory judgment of the contractual termination
of the lease because the government's COVID-19 restrictions
constituted a taking under the Fifth Amendment.  (Def.'s Am.
Answer, Doc. No. 16.)   1600 Walnut brings this motion to dismiss
all of Cole Haan's Counterclaims.  (Pl.'s Mot. to Dismiss Def.'s
Am. Countercl., Doc. No. 20.)

## **Analysis**

### Subject-Matter Jurisdiction

Subject-matter jurisdiction is proper under 28 U.S.C. §
1332(a)(1).  (Notice of Removal, Doc. No. 1 at 3.)

### Standard of Review

"For purposes of deciding a motion to dismiss under Rule
12(b)(6), claims and counterclaims are treated the same, and
therefore, subject to the same standard of review."  Barnett v.
Platinum Equity Cap. Partners II, L.P., No. 2:16-CV-1668, 2017
WL 3190654, at *3 (W.D. Pa. July 27, 2017) (citation omitted).

We grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if after "accepting all well-pleaded allegations in the [counterclaims] as true, and viewing them in the light most favorable to the [party making the claims]," we find that the complainant is not entitled to relief.  Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007) (citation omitted).  To survive the Motion, the counterclaims must contain sufficient factual matter accepted as true "to state a claim that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We may consider "documents that are attached to or submitted with the [counterclaim], and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case."  Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citation omitted).  "The Court may also rely on facts pled in the complaint, but only to the extent that they have been admitted in defendant's answer." Barnett, 2017 WL 3190654, at *3.

The parties agree that Pennsylvania law applies here. (Pl.'s Mot. to Dismiss Def.'s Am. Countercl., Doc. No. 20 at 21; Def.'s Resp. in Opp'n to Pl.'s Mot. to Dismiss Def.'s Am. Countercl., Doc. No. 24 at 16.)

<u>The Force Majeure Clause of the Lease Allocated the Risk of a
Pandemic to Cole Haan</u>

We dismiss the amended counterclaims because the force
majeure clause of the lease prohibits the requested relief.  In
Pennsylvania, parties have broad discretion to allocate risks
between them in a contract.  <u>Albert M. Greenfield & Co. v.
Kolea</u>, 475 Pa. 351, 380 A.2d 758, 760 (1977).  Only where there
has been no contractual allocation of a risk should a court
determine the allocation based on common law theories, such as
impossibility and frustration of purpose.  <u>Id.</u>; <u>Portnoy v.
Omnicare Pharm., Inc.</u>, No. CIV.A.02-2905, 2004 WL 1535780, at *3
(E.D. Pa. June 25, 2004).

Under the lease, Cole Haan remains obligated to pay rent,
even in the face of a force majeure event.  The parties agreed
in the lease that, if "strikes, lockouts, labor troubles, the
inability to procure materials, power failure, restrictive
governmental laws or regulations, riots, insurrection, war or
another reason not the fault of or beyond the reasonable control
of the party" cause "delayed, hindered or prevented
performance," Cole Haan is not relieved of its obligation to pay
rent.  (Compl., Doc. No. 1, Ex. A at § 21.)  "[L]ack of funds"
is also not an excuse to performance of the contractual
obligations under the terms of the lease.  (<u>Id.</u>)

The COVID-19 pandemic is an event covered in the force majeure clause.  We construe the clause, an unambiguous writing, as a matter of law.  Ram Const. Co. v. Am. States Ins. Co., 749 F.2d 1049, 1052 (3d Cir. 1984).  "[I]n order to constitute a force majeure, an event must be the proximate cause of nonperformance of the contract."  Hong Kong Islands Line Am. S.A. v. Distribution Servs. Ltd., 795 F. Supp. 983, 989 (C.D. Cal. 1991), aff'd, 963 F.2d 378 (9th Cir. 1992) (citing Wheeling Valley Coal Corp. v. Mead, 186 F.2d 219, 223 (4th Cir. 1950).  The Governor's COVID-19 orders closing and restricting retail businesses are the most obvious proximate cause of Cole Haan's non-performance.  Restrictive laws or regulations, such as the Governor's orders, however, clearly are within the meaning of the force majeure clause and cannot excuse Cole Haan's contractual obligations.  Cole Haan, instead, avers that the pandemic itself, not governmental regulations, has prevented Cole Haan from fulfilling its obligations under the lease. (Def.'s Resp. in Opp'n to Pl.'s Mot. to Dismiss Def.'s Am. Countercl., Doc. No. 24 at 15–16.)  Cole Haan argues that the pandemic falls outside of the force majeure clause because the listed examples in the clause are limited to "man-made events of relatively short duration," whereas the pandemic is a "naturally occurring phenomenon."  (Id. at 19.)  The COVID-19 pandemic, however, is within the defined force majeure events of the

lease.  The pandemic is in the same category as the other life-altering national events listed, such as war, riots, and insurrection.  The pandemic is, then, included within the catchall provision of "another reason not the fault of or beyond the reasonable control of the party delayed."

Because the cause of Cole Haan's prevented performance is a force majeure event, the common law doctrines of frustration of purpose, impossibility/impracticability of performance, and failure of consideration are inapplicable here.  See Portnoy, 2004 WL 1535780, at *3.

Accepting all of Cole Haan's factual allegations as true and construing them in the light most favorable to Cole Haan, 1600 Walnut has demonstrated that Cole Haan is not entitled to relief "under any reasonable reading of" the counterclaims.  See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010).

The COVID-19 Executive Orders Do Not Constitute a Taking

The motion to dismiss Cole Haan's sixth amended counterclaim, the contractual termination of the lease due to government action constituting a taking, is also granted.  Cole Haan claims that the COVID-19 restrictions amounted to a regulatory taking or inverse condemnation.  (Def.'s Am. Answer, Doc. No. 16 at 20.)  The Supreme Court of Pennsylvania, however, has found the Governor's executive orders to be valid uses of police power and not a taking under the exercise of eminent

domain power.  <u>Friends of Danny DeVito v. Wolf</u>, 227 A.3d 872, 896 (Pa.), <u>cert. denied,</u> 141 S. Ct. 239, 208 L. Ed. 2d 17 (2020).  Therefore, the counterclaim must be dismissed because there was no taking.

### **<u>Conclusion</u>**

For the previously stated reasons, we grant Plaintiff's Motion to Dismiss Defendant's Amended Counterclaims.  An Order follows.